[Civ. No. 4556. Third Appellate District.—April 29, 1932.]

LILLIAN BISHOP ROSS, as Executrix, etc., Appellant, v. AMERICAN SECURITY & FIDELITY COMPANY (a Corporation) et al., Respondents.

James W. Bell and Humphrey Marshall for Appellant.

W. B. Thomas, Glenn E. Whitney and Sherman & Sherman for Respondents.

TUTTLE, J., *pro tem.*—This is an action to determine the ownership of certain corporate stock. The trial court found that plaintiff was not the owner thereof. From the judgment entered upon said findings, plaintiff appeals, relying upon the insufficiency of the evidence to support the findings.

The original plaintiff in this action was J. B. Treadwell. He died while the case was pending and his executrix has been substituted in his stead. Where the word "plaintiff" is used hereafter it refers to the original plaintiff.

 On November 10, 1905, there was issued to J. B. Treadwell, plaintiff herein, certificate No. 49 of the Tropico Land & Improvement Company, for 500 shares of its captial stock. This certificate was indorsed in blank by plaintiff. On June 3, 1907, plaintiff wrote one J. J. Lockwood (now deceased) that he, plaintiff, held for Lockwood 500 shares of the capital stock of Tropico Land & Improvement Company, to be delivered to the latter "when my stock is taken out of the pool". Plaintiff testified that *this stock* was never in the "pool".

Plaintiff then testified that on June 14, 1909, he paid Lockwood $100 for the purchase of the stock. The receipt read as follows: "Received from J. B. Treadwell the sum of One Hundred Dollars in full for 500 shares of Tropico Land and Improvement stock." An expert witness called by the defendants testified that the words "dollars, in full for 500 shares of Tropico Land and Improvement Stock" were forged, being inserted in different ink, after the original document was written. A letter was also admitted in evidence, dated March 25, 1913, and signed by plaintiff, wherein he stated: "Certificate No. 49, I gave to J. J. Lockwood."

There is abundant evidence in the record to support the findings to the effect that the heirs of Lockwood were the owners of the stock, and plaintiff had no interest therein.

The trial court also found that plaintiff was guilty of laches. In view of the fact that the judgment should be sustained upon the grounds we have indicated, we do not deem it necessary to pass upon the question of laches.

The appeal is utterly and obviously devoid of any vestige of merit, so much so that a fine of $100 is hereby assessed against appellant for indulging in this frivolity.

The judgment is affirmed.

Preston, P. J., and Thompson (R. L.), J., concurred.